UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WADA FARMS, INC., an Idaho corporation; WADA FAMILY, LLC, an Idaho limited liability company; WADA FARMS TRUCKING, LLC, an Idaho limited liability company; and WADA VAN ORDEN, LLC, an Idaho limited liability company,<br><br>          Plaintiff,<br><br>          v.<br><br>JULES AND ASSOCIATES, INC., a California corporation,<br><br>          Defendant. | Case No. 4:14-cv-00324-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Before the Court is defendant's motion to transfer venue.[1]  The motion is fully

briefed and at issue.  For the reasons stated below, the Court will grant the motion and

---

[1] The defendant originally sought either dismissal or a change of venue, but later withdrew its request for dismissal.  *See Notice of Withdrawal (Dkt. No. 11).*  The motion now seeks only a transfer of venue.

**MEMORANDUM DECISION AND ORDER - 1**

transfer the action to the United States District Court for the Central District of California.

## BACKGROUND

Wada Farms leased vehicles and farming equipment from Jules. The lease included an option to purchase, and to exercise that option, Wada Farms tendered a sum equal to 3% of the original cost of the equipment. Jules rejected the tender, prompting Wada Farms to file suit in state court to enforce the tender. Jules transferred the action here on the basis of diversity, and filed the motion to transfer venue that is now before the Court.

More specifically, Jules seeks to transfer this action to California pursuant to a forum selection clause contained in the lease agreement. That clause states that,

> THE PARTIES AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS LEASE AND THE SCHEDULES SHALL BE TRIED AND LITIGATED ONLY IN THE STATE AND FEDERAL COURTS LOCATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA . . . .

*2007 Master Equipment Lease Agreement (Dkt. No. 5-3)* at ¶ 28; *2008 Master Equipment Lease Agreement (Dkt. No. 5-4)* at ¶ 28. Each lease agreement also contains a choice of law provision:

> THE VALIDITY OF THIS LEASE AND THE SCHEDULES, THE CONSTRUCTION, INTERPRETATION, AND ENFORCEMENT HEREOF AND THEREOF, AND THE RIGHTS OF THE PARTIES HERETO AND THERETO WITH RESPECT TO ALL MATTERS . . . SHALL BE DETERMINED UNDER . . . THE LAWS OF THE STATE OF CALIFORNIA.

*Id.* at ¶ 28(1).

## LEGAL STANDARD

A forum selection clause must be "given controlling weight in all but the most exceptional cases." *Atlantic Marine Cons.Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas,* 134 S.Ct. 568, 579 (2013).  "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."  *Id.* at 581.  A valid forum-selection clause bargained for by the parties, protects their legitimate expectations and further vital interests of the justice system."  *Id.*

A forum-selection clause alters the § 1404 analysis in three ways.  *Id.* at 581-82. "First, the plaintiff's choice of forum merits no weight."  *Id*. at 582.  Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests, such as convenience. *Id*.  "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules – a factor that in some circumstances may affect public-interest considerations ." *Id.*

## ANALYSIS

The forum selection clause clearly sets venue in Los Angeles County, California. Wada Farms does not allege that it was forced or tricked into agreeing to the forum selection clause; indeed, both parties to the contract are sophisticated business entities.

Instead, Wada Farms argues that it is protected by a provision in Idaho law stating that forum selection clauses mandating venues outside of Idaho are "void as . . . against the public policy of Idaho." *See* Idaho Code § 29-110(1).  The Ninth Circuit has noted – prior to *Atlantic Marine* – that such a statute would be given some weight in the analysis, although it would not be considered dispositive. *Jones v GNC Franchising, Inc.,* 211 F.3d 495, 499 n. 21 (9th Cir. 2000).  But since *Atlantic Marine* was decided in 2013, that weight has diminished considerably or disappeared entirely. *Atlantic Marine* places controlling weight on the forum selection clause and requires that Wada Farms produce an "extraordinary" reason to ignore such a clause.  If Idaho Code § 29-110(1) was determinative, striking down the forum selection clause would be *routine* rather than *extraordinary,* standing *Atlantic Marine* on its head.  Hence, Wada Farms must point to something more than just the statute itself to warrant ignoring the forum selection clause.

In that attempt, Wada Farms cites other Idaho statutes governing disputes over certificates of title and real property, stressing that they are disputes to be handled within the State.  But this is a simple contract dispute, lacking the circumstances that *Atlantic Marine* would label "extraordinary."

In sum, Wada Farms has failed to overcome the presumption in favor of enforcing the forum selection clause. Therefore, the court will grant the motion to transfer.[2]

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the defendant's motion to transfer venue (docket no. 5) is GRANTED.  This action is hereby TRANSFERRED to the United States District Court for the Central District of California.  The Clerk is directed to take the action necessary to effect that transfer.

DATED: January 7, 2015

B. Lynn Winmill
Chief Judge
United States District Court

---

[2] The parties did not discuss *Atlantic Marine* in their briefing until Jules mentioned the case in its reply brief.  In that same brief, Jules offered to stipulate that Wada Farms could file a sur-reply brief. Wada Farms did not take Jules up on the offer.