1

2                                    N O T E : C H A N G E S   M A D E   B Y   T H E   C O U R T

3

4

5

6

7

8

9                       **UNITED STATES DISTRICT COURT**

10                      **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| WADA FARMS, INC., an Idaho corporation; WADA FAMILY, LLC, an Idaho limited liability company; WADA FARMS TRUCKING, LLC, an Idaho limited liability company; and WADA VAN ORDEN, LLC, an Idaho limited liability company, | Case No.  2:15-cv-00173-JAK-JPR<br>Judge:    Hon. John A. Kronstadt<br><br>**ORDER GRANTING STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY** |
|         Plaintiffs, | |
|      vs. | |
| JULES AND ASSOCIATES, INC., a California corporation, | |
|         Defendant. | |
| AND RELATED CROSS-ACTIONS. | |

23          The Court, having considered the Stipulation and Protective Order entered

24   into by the parties on July 9, 2015, and good cause appearing therefore, hereby

25   grants the following:

26

27

28

**IT IS HEREBY STIPULATED** by and between Plaintiffs, Counter-Defendants, and Third-Party Defendants (collectively "Wada") and Defendant and Counter-Plaintiff Jules and Associates, Inc. ("Jules"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1.      In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

1.1    "Proceeding" means the above-entitled proceeding in the United States District Court, Central District of California, Case No. 2:15-cv-00173-JAK-JPR.

1.2    "Court" means the Hon. John A. Kronstadt, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

1.3    "Confidential" means any information that includes, but is not limited to, trade secrets, research, plans, development information, proprietary business information financial information or personal identification information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or to be subject to protection from disclosure under applicable law.

1.4    "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

1.5    "Designating Party" means the Party that designates Materials as "Confidential."

1.6    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Confidential Materials, or any part thereof, or any information contained therein.

1

1.7 "<u>Documents</u>" means (i) any "writing," "recording," "photograph," "original," and "duplicate" as those terms are defined by Federal Rules of Evidence, Rule 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

1.8 "<u>Information</u>" means the content of Documents or Testimony.

1.9 "<u>Testimony</u>" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party <u>in good faith</u> believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

4.1 For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

2

4.2     For Testimony given in depositions the Designating Party may either:

(A)     identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

(B)     designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

4.3     With respect to any Documents, Testimony or Information containing Confidential Materials that are not produced by the party claiming confidentiality, the other parties shall cooperate to ensure that all copies of such material shall bear the above legend to the extent necessary to satisfy the presumption of confidentiality. The party claiming confidentiality shall become the Designating Party.

5.     For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

3

6.     The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

7.     In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").

4

The parties shall then follow the procedures in Local Rules 37-1 and 37-2 for meeting and conferring and filing any motion seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall remain Confidential.

8.      Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

8.1     the Court;

8.2     Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party.

8.3     In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

8.4     Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer,

5

director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

8.5    Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

8.6    Any deposition or discovery-related hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

8.7    Any deposition or discovery-related hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall, on the record, be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

8.8    Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

8.9    Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant,

[PROPOSED] ORDER GRANTING STIPULATION AND
PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION
ONLY

counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

8.10   Any other person that the Designating Party agrees to in writing.

9.     Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10.    If a Party inadvertently discloses any Document, Testimony or Information that the producing party believes is subject to protection by the attorney-client privilege, work product doctrine, or any other protection or privilege ("Disclosed Protected Information"), the producing party reserves all rights to assert such privilege or protection in this Proceeding or in any other proceeding notwithstanding the fact that the material has been disclosed. The inspection, copying, and/or review by a party in the course of this Proceeding of Disclosed Protected Information shall not, by itself, be deemed a waiver of any privilege or protection, whether in this Proceeding or any other proceeding, for the Disclosed Protected Information or any other Document, Testimony or Information covering the same or similar subject matter. If a producing party claims it inadvertently produced Disclosed Protected Information, the producing party shall have the right to request that the Disclosed Protected Information be returned in accordance with the procedures set forth below:

10.1   The Producing Party shall:

7

(A)   Request the return of the Disclosed Protected Information;

(B)   Specify the Bates number of the Disclosed Protected Information; and

(C)   State the nature of the Producing Party's claim of the privilege or other protection asserted;

10.2   Upon such request, the party in possession of the Disclosed Protected Information shall return it to the producing party within five (5) business days (or certify its destruction) regardless of whether the party has an objection to the basis of the privilege(s) asserted;

10.3   The parties agree that returning or destroying a document pursuant to this Stipulation does not waive or otherwise alter the right of a party to object to the basis of the privilege asserted except as stated in subparagraph 10.4; and

10.4   A party objecting to the privileged or otherwise protected nature of Disclosed Protected Information must meet and confer with the producing party within ten (10) business days of the receipt of the producing party's request to return Disclosed Protected Information, and if the parties cannot resolve the dispute, then the objecting party must file a motion under Local Rule 37 seeking a ruling on the issue.

11.   Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding and in compliance with Local Rule 37, to modify or grant relief from any provision of this Stipulation and Protective Order.

12.   Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

12.1   Operate as an admission by any person that any particular

8

Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

        12.2   Prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

                (A)   To seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

                (B)   To seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

        13.   Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

        14.   Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any

9

person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

15.    If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. Absent written permission from the designating party, the recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16.    Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

17.    If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

10

[PROPOSED] ORDER GRANTING STIPULATION AND
PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION
ONLY

18.    This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

19.    Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by Local Rule 79-5.1 and the Court's Procedures and Schedules pertaining to filing under seal, the party shall follow those rules.

20.    The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

21.    Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

22.    This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court under Local Rule 37 for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

23.    Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all

11

Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court,  (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

24.    After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

25.    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

IT IS SO ORDERED on this 24th day of July 2015.

[PROPOSED] ORDER GRANTING STIPULATION AND
PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION
ONLY

1

By: 

HON. JEAN ROSENBLUTH
UNITED STATES MAGISTRATE
JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

[PROPOSED] ORDER GRANTING STIPULATION AND
PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION
ONLY

**EXHIBIT A**

**ACKNOWLEDGEMENT & NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge receipt of the Stipulation and Protective Order entered in this matter of *Wada Farms, Inc., et al. v. Jules and Associates, Inc.*, case number 2:15-CV-00173-JAK-JPR.  I hereby agree to be bound by the terms of such Stipulation.

DATED this ____ day of _____, 2015.

_____

14

[PROPOSED] ORDER GRANTING STIPULATION AND
PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION
ONLY